FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MIRAMONTES<br><br>Defendant. | No. 2:20-CR-00037-TOR-3<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 50)** |

At Defendant's April 2, 2020, detention review hearing, Defendant appeared via video while in custody at the Spokane County Jail. At the time of the hearing, Defendant consented to proceeding by video teleconference. Attorney Gordon Stoa represented the Defendant and appeared by video from a different location. Assistant U.S. Attorney George Jacobs represented the United States and appeared by video from a separate location. United States Probation Officer Shawn Kennicutt was present telephonically.

The Court has reviewed Defendant's motion to reconsider, **ECF No. 50**, the United States' response, **ECF No. 53**, the Pretrial Services Report, **ECF No. 19,** the Supplemental Pretrial Services Report, **ECF No. 38,** the Second Supplemental Pretrial Services Report, **ECF No. 42,** the statements of U.S. Probation Officer Shawn Kennicutt made in open court, and the argument of counsel.

As a threshold matter, Defendant must proffer information not previously known to Defendant or his counsel, amounting to a material change in the

ORDER - 1

circumstances considered by the Court in its prior detention determination. 18 U.S.C. 3142(f).

Defendant urges that this requirement is met because Pioneer Human Services in the Spokane Valley has approved Defendant's insurance and arranged an inpatient substance abuse treatment bed.

Defendant's criminal history includes illegal drug use, so the availability of substance abuse treatment is material information. Further, earlier decisions to detain defendant pretrial have been based in part on the lack of a suitable release address for defendant. This issue is also nominally addressed by a bed in a treatment facility.

The United States argues that defendant's substantial record of failures to appear for court militates for continued detention. The Court also considers defense counsel's argument that many of the warrants were issued because Defendant was in custody and not transported to attend court.

The Court finds that Defendant has met the required threshold and that there are conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and the safety of the community pending further proceedings.

Accordingly, **IT IS ORDERED** Defendant's Motion, **ECF No. 50**, is **GRANTED**. Defendant shall be released to Pioneer Human Services staff at **7:30 a.m. on April 3, 2020**. Pending further order of the Court, Defendant shall return to the custody of the U.S. Marshal at the conclusion of his treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

If Defendant terminates treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer and immediately return to the custody of the U.S. Marshal.

While released from the U.S. Marshal's custody, Defendant shall:

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** **Defendant shall sign and complete A.O. Form 199C before being released** and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug

ORDER - 3

or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements.

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

Pretrial Services will monitor Defendant while in treatment. Defendant shall comply with all directives of the U.S. Probation Officer.

On or before **May 1, 2020**, Defendant shall file a status report updating his treatment progress and advising of the date inpatient treatment will be completed.

**Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.**

**IT IS SO ORDERED.**

DATED April 2, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 4